Fred M. HART, Plaintiff-Appellant,

v.

ORION INSURANCE COMPANY Limited, a corporation, Defendant-Appellee.

No. 668–69.

United States Court of Appeals, Tenth Circuit.

June 12, 1970.

John T. Maley, Denver, Colo. (Robert A. Schiff, Denver, Colo., with him on the brief) for appellant.

Forrest S. Blunk, Denver, Colo., for appellee.

Before PICKETT, Senior Circuit Judge, and HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This claim is based upon an insurance policy insuring appellant Hart against occupational disability as an airline pilot, and seeks award of the benefit provided by the policy. It is a diversity action and the benefit award exceeds the $10,-000 jurisdictional amount. A section of the policy provides that a medical examination and arbitration by appointed medical arbitrators will determine whether disability has occurred. The trial court by its order stayed the court proceedings until completion of the arbitration process. The stay order is appealed.

By minute order of the court, the initial issue of appellate court jurisdiction raised by a motion to dismiss was re-served for argument at the time of consideration of the merits.

Our initial inquiry is whether the order is appealable as a final order under 28 U.S.C. § 1291.

In Ephraim Freightways, Inc. v. Red Ball Motor Freight, Inc., 376 F.2d 40, 41 (10th Cir. 1967), cert. denied, 389 U.S. 829, 88 S.Ct. 92, 19 L.Ed.2d 87, this court held that an order denying the motion to stay proceedings is not a final decision under 28 U.S.C. § 1291. The order under consideration here, however, is an order granting a stay and may have elements of finality not present when the stay is denied.

We find no case in this circuit dealing directly with a stay granted; however, the Second Circuit in Standard Chlorine of Delaware, Inc. v. Leonard, 384 F.2d 304 (2nd Cir. 1967) said, " 'Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all.' * * * The granting of a stay of an action pending arbitration must be distinguished from a final judgment dismissing an action because arbitration must still be pursued and it differs from an order compelling arbitration * * * solely for that purpose * * *. It is clear beyond dispute that an order—such as the one before us—in a continuing suit is not a 'final decision' within 28 U.S.C. § 1291." *Supra* at 306. We agree.

Both *Standard Chlorine, supra,* and this court's *Ephraim, supra,* indicated that although not appealable under the finality rule of § 1291 a stay order may still be appealable under the statutory exception to finality established by 28 U.S.C. § 1292(a) (1).[1]

1. 28 U.S.C. § 1292(a) (1) reads as follows: "(a) The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;"

**530**

 *Standard Chlorine, supra,* analyzes the cases in which the Supreme Court allowed review of orders despite the lack of finality and concludes, "And, we agree with the Fifth Circuit that the rule that has emerged from the many decisions is that 'An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a) (1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim.' " *Supra,* 384 F.2d at 308.

Analyzing the pleadings, we find a complaint based upon an insurance agreement that promises to pay a definite amount upon determination of permanent occupational disability. The agreement sets out the procedure whereby a medical determination of the occupational disability is made a condition precedent to payment in all instances.

The motions of the insurance company and the answer filed, and the insurance agreement by its terms, establish the issue as one of a condition precedent requirement. Although the complaint alleges that the plaintiff expressed a desire to have the matter submitted to arbitration under the agreement, it is inapposite because the controversy centers around compliance with a condition precedent.

The trial court ordered Hart to submit to a physical examination pursuant to a motion authorized by Fed.R.Civ.P. 35(a). The record does not disclose compliance with the discovery order under Rule 35(a).

The motion upon which the stay order is based does not allege the Rule 35(a) order, nor are the findings contained in the stay order related to the foregoing rule. We therefore conclude the condition precedent defense contained in the answer establishes the issues as traditionally in the field of contract law. Therefore the complaint and the defenses cast in the answer would have been, by their nature, actions at law before the fusion of law and equity.

Applying the rule allowing review under § 1292(a) (1) set out in *Standard Chlorine,* and adopted by this court in *Ephraim,* we conclude the stay was not sought to permit the prior determination of an equitable defense or counterclaim. While it is true that arbitration is an equitable defense, its availability is not the issue before us. The trial court found in effect that the arbitration provisions of the agreement had not been rescinded by the acts complained of and therefore is binding on both parties and is a condition precedent to litigation concerning the award. Therefore, neither an equitable defense nor counterclaim was contemplated by the stay. The record before us does not contain anything that would justify our conclusion that these findings are clearly erroneous.

The appeal is therefore dismissed.