**PIONEER PROPERTIES, INC.**
**Plaintiff-Appellant,**

v.

**Ross Lloyd MARTIN, the Genesis Marketing Organization Limited, Defendants-Appellees.**

**No. 83–1825.**

United States Court of Appeals, Tenth Circuit.

Nov. 5, 1985.

Alexander B. Mitchell (Alan D. Herman with him on the briefs) of Sargent, Klenda, Haag & Mitchell, Wichita, Kan., for plaintiff-appellant.

Monte Vines, of Adams, Jones, Robinson & Malone, Wichita, Kan., for defendants-appellees.

Before McKAY and LOGAN, Circuit Judges, and RUSSELL, District Judge.[*]

LOGAN, Circuit Judge.

This appeal arises out of plaintiff Pioneer Properties, Inc.'s purchase of interests in joint ventures to acquire, develop, and sell residential real estate located in Ontario, Canada. The joint venture agreements provided that disputes arising among the contracting parties over matters in the agreements would be resolved by arbitration. After plaintiff apparently invested sizable sums in the joint ventures without realizing a return, it brought suit against another of the joint venturers and its agent in the United States District Court for the District of Kansas. Plaintiff's complaint alleged that defendants committed violations of federal securities laws by misrepresenting material facts regarding the joint venture. The complaint also asserted pendent state claims of fraud, breach of contract, and fiduciary duty. Defendants responded with a motion to dismiss, or alternatively, for an order staying the proceedings pending arbitration. The court granted defendants' motion to stay the proceed-

ing pending arbitration. See Pioneer Properties, Inc. v. Martin, 557 F.Supp. 1354, 1366 (D.Kan.1983).

■ The threshold issue before us is whether this order staying the proceedings is appealable either as a final order, under 28 U.S.C. § 1291, or as an interlocutory order granting an injunction, under 28 U.S.C. § 1292(a)(1). Because we conclude that the court's order is not an appealable order under either of those statutes, we dismiss the appeal and need not address the other issues raised.[1]

■ Section 1291, which permits appeals only of final orders, reflects a congressional policy of preventing piecemeal litigation and the attendant delays that accompany interlocutory appeals. See Abney v. United States, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). In Hart v. Orion Insurance Co., 427 F.2d 528 (10th Cir.1970), we addressed precisely the question plaintiff raises here regarding the application of § 1291. We ruled that a stay of legal proceedings pending completion of arbitration is not a "final decision" within § 1291. Id. at 529.

■ Plaintiff contends that the Supreme Court implicitly overruled Hart in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). That case involved a contract dispute in which a construction company sought an order to compel arbitration under § 4 of the United States Arbitration Act of 1925 in federal court after the hospital with which it had contracted filed a state court action seeking to void the arbitration provision. See 460 U.S. at 6–7, 103 S.Ct. at 932–33. The federal district court stayed the construction company's federal suit pending resolution of the

---

[*] Honorable David L. Russell, United States District Judge for the Districts of Oklahoma, sitting by designation.

1. Plaintiff asserts that because this court entered a one-judge order denying defendants' motion to dismiss the appeal, that issue may not be raised again before the panel. Such is not the law. A single judge may not determine an appeal or other proceeding; the "action of a single

judge may be reviewed by the court." Fed.R. App.P. 27(c). The single-judge order denying defendants' motion to dismiss the appeal in this court was simply a procedural order requiring the appeal to be put on the calendar and briefed; it was not a determination having preclusive effect on the issue of the validity of the appeal.

state court suit, because the two actions involved the identical issue of whether the claims were arbitrable. The court of appeals reversed the stay and the Supreme Court affirmed the circuit decision, holding that the stay order was final under 28 U.S.C. § 1291. It reasoned that the issue of arbitrability was the only substantive issue present in the federal proceeding; staying the federal suit pending the state litigation effectively would bar suit in federal court, and consequently the state court's judgment on the issue later would be res judicata. Thus the stay order amounted to a dismissal of the suit. 460 U.S. at 9–10, 103 S.Ct. at 933–34.

Plaintiff acknowledges that *Moses H. Cone* is factually distinguishable from *Hart* and the instant case, because it involved complete dismissal with no expectation of resuming the federal suit, *see Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and because the state litigation paralleled the federal proceeding. *See Moses H. Cone*, 460 U.S. at 13. Nevertheless, plaintiff contends that the case is controlling because the practical effect of the district court's decision here to stay proceedings pending arbitration was to terminate all federal litigation on the merits. We disagree because plaintiff is not "effectively out of [federal] court" in this case. *See id.* at 9 n. 8, 10 & n. 11, 103 S.Ct. at 933 n. 8, 10 & n. 11.

Following the arbitrator's determination of the merits of plaintiff's claims, plaintiff may return to federal court to seek limited review of the award under the criteria set forth in 9 U.S.C. § 10. This review, although limited, will be considerably more probing than the district court review hypothesized in *Moses H. Cone*, in which the

federal court must accord res judicata effect to a state court judgment once the state court has ruled on arbitrability. *See* 460 U.S. at 10, 103 S.Ct. at 933–34. After the district court's judgment based on these § 10 factors, plaintiff may appeal to this circuit and raise various challenges to the decision, including its argument that the arbitration provisions in the joint venture agreements are unenforceable because they lack the connection to a transaction involving commerce that the Federal Arbitration Act requires. *See* 9 U.S.C. § 2.[2] This is unlike the situation in *Moses H. Cone* in which the stay operated to deny plaintiff its right to a federal forum. That case did not impugn our holding in *Hart v. Orion Insurance Co.* that a stay of a federal suit pending arbitration is not a final order under 28 U.S.C. § 1291.

We also hold that the stay does not qualify as an interlocutory order granting an injunction, appealable under 28 U.S.C. § 1292(a)(1). The dispositive rule here is the *Enelow-Ettelson* doctrine, which provides as follows:

> " 'An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim.' "

*Hart v. Orion Insurance Co.*, 427 F.2d at 530 (quoting *Standard Chlorine v. Leonard*, 384 F.2d 304, 308 (2d Cir.1967) (emphasis in original) ); *see also Poriss v. Aaacon Auto Transport, Inc.*, 685 F.2d 56, 59 (2d Cir.1982); *Mellon Bank v. Pritchard-Keang Nam Corp.*, 651 F.2d 1244, 1247 (8th Cir.1981).[3]

**2.** The district court found a sufficient commerce connection to invoke the Act. 557 F.Supp. at 1364. Plaintiff is free to challenge this finding on appeal to this court after arbitration and the district court proceedings have concluded. *See, e.g., Snyder v. Smith*, 736 F.2d 409, 417 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984); *Hart v. Orion Insurance Co.*, 453 F.2d 1358 (10th Cir.1971) (decision follow-

ing arbitration and district court review); *see also Mediterranean Enterprises, Inc. v. Ssangyong*, 708 F.2d 1458, 1462–63 (9th Cir.1983) (determination of arbitrability is subject to de novo review).

**3.** Although this doctrine has been criticized, *see, e.g., Hussain v. Bache & Co.*, 562 F.2d 1287, 1289 n. 1–3 (D.C.Cir.1977), and we have recently declined to extend its application to other factual

Although the instant case may satisfy the second portion of this test, *see Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 452, 55 S.Ct. 313, 314–15, 79 L.Ed. 583 (1935), it fails to satisfy the first. Before the fusion of law and equity, a legal claim typically was one seeking damages; an equitable claim sought rescission, reformation, or injunction. *See* 5 J. Moore, *Moore's Federal Practice* ¶¶ 38.19–.24 (2d ed. 1985). Plaintiff here alleged five causes of action: violation of § 12(2) of the Securities Act of 1933; violation of SEC Rule 10b–5; common law fraud; breach of contract; and breach of fiduciary duty. Plaintiff seeks the remedies of rescission or, alternatively, damages, as to each cause of action. Consequently, the complaint seeks equitable and legal remedies.

■■■ When plaintiff seeks both types of relief, the general rule for purposes of applying *Enelow-Ettelson* is that the entire complaint is considered equitable in nature. This is true unless the equitable remedy can be characterized as merely incidental to the legal remedy or so insubstantial as to be frivolous. *See Mellon Bank*, 651 F.2d at 1249; *Lee v. Ply*Gem Industries*, 593 F.2d 1266, 1269 (D.C.Cir.), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979); *Standard Chlorine*, 384 F.2d at 309. *But see Schine v. Schine*, 367 F.2d 685, 688 (2d Cir.1966) (Friendly, J., concurring) (determine whether the legal or equitable claim predominates). Examining plaintiff's complaint, we cannot say that its prayer for rescission is merely incidental to its request for money damages. Nor can we say that its legal claim is predominant. Plaintiff seeks rescission of the joint venture agreements for each of its five claims; only alternatively does it request money damages. Consequently, adhering to the established judicial practice of restricting the appealability of interlocutory orders, *see Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 184–85, 75 S.Ct. 249,

settings, *Pepper v. Miani,* 734 F.2d 1420, 1421 (10th Cir.1984), we nevertheless continue to adhere to the view that the doctrine governs the

254–55, 9 L.Ed. 233 (1955), we hold that plaintiff has not satisfied the first of the two-part test of *Enelow-Ettelson*. Accordingly we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

appealability of orders staying or refusing to stay proceedings pending arbitration.