JENKINS, District Judge.

Facts

The appellant in this case (“the Trustee”), Paul G. Quinn, is the trustee in bankruptcy for Life Imaging Corporation, a chapter 7 debtor. Life Imaging Corporation manufactured an ultrasound breast scanning device termed a “LIBS (Life Imaging Breast Scanner). The appellee, CGR (Compagnie Generale Radiologie), is a french company that manufactures radiation equipment. In 1980, Life Imaging and CGR entered into a distributorship agreement under which Life Imaging was to supply 140 LIBS to CGR through 1984. CGR received exclusive distribution rights of the LIBS in certain areas outside the United States. In June 1982, CGR telexed its intention to terminate the agreement to Life Imaging. The parties disagree as to the cause of this dissolution. The Trustee asserts that this was a unilateral breach on CGR’s part. CGR claims that termination was permitted under the contract because the LIBS were unmarketable, failed to be “clinically accepted in the United States” and failed to perform as warranted.
On May 2, 1983, Life Imaging filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Colorado.[1] Those proceedings were converted to a chapter 7 liquidation on April 26,1984. On January 17, 1985, the Trustee filed this adversary proceeding in district court against CGR for $8,303,370.00 alleged due on the distributorship agreement.
On March 8, 1985, CGR filed a motion to compel arbitration of the dispute and to stay the district court action pending arbitration. The clause of the distributorship agreement on which CGR relies reads:
20. ARBITRATION
All disputes arising in connection with the Agreement shall be resolved by application, by either party, to the Standing Committee for the Regulation of Contractual Relations of the International Chamber of Commerce (ICC) in order that a third person who shall be appointed in accordance with the Rules on the Regulation of Contractual Relations of the ICC and who shall carry out his mission in accordance with the said Rules may on the parties’ behalf make a final decision which shall be binding on the parties and shall be deemed to be incorporated in the Agreement. During the pendency of any proceeding hereunder, obligations under this Agreement shall be suspended.
The district court, relying primarily on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.S.A. No. 6997, 330 U.N.T.S. 3 reprinted in 9 U.S. C.A. (West Supp.1986), pp. 205-13, granted *1465 the motion to compel and ordered the case “closed, to be reopened upon a showing of good cause,” 48 B.R. 367. The Trustee appeals both parts of the order.

Jurisdiction

In a prologue to its brief, CGR cites this court’s recent opinion in Pioneer Properties, Inc. v. Martin, 776 F.2d 888 (10th Cir.1985) for the proposition that the court has no appellate jurisdiction over the order in this case. Because we find this argument dispositive of this appeal we do not reach the parties’ other arguments.
Section 1291 of title 28, the jurisdictional section upon which this appeal is based, is limited to appeals from final orders. This limitation on our appellate jurisdiction reflects a congressional policy of limiting piecemeal appeals, and preserving the integrity of the hierarchy of trial and appellate courts in our judicial system. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 476, 98 S.Ct. 2454, 2462, 57 L.Ed.2d 351 (1978). See also 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3906 (1976). Any exception to this general limitation on jurisdiction under § 1291 must be carefully limited and parsimoniously applied.
This court has held that an order staying a district court proceeding pending arbitration is not a final order within Section 1291. Pioneer Properties v. Martin, 776 F.2d 888 (10th Cir.1985).
The Trustee attempts to distinguish Pioneer Properties from the present case in two ways. First, the Trustee argues that the district court dismissed the present case, whereas in Pioneer Properties the district court merely stayed the court proceedings. Thus, the Trustee argues, the order ends the federal litigation.
We do not read the order in this case as a dismissal. The order is worded: “[T]his case is ordered closed, to be reopened upon a showing of good cause.” Although “closing” a case might in some circumstances be argued to be a dismissal, in this case the order clearly contemplates the possibility of continued federal litigation.[2] To reiterate the standard enunciated in Pioneer Properties, the order does not place the Trustee “effectively out of court.” 776 F.2d at 891 (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 at 9 n. 8, 10 & n. 11, 103 S.Ct. 927, 933 n. 8, 934 n. 11, 74 L.Ed.2d 765 (1983). Therefore, the district court’s order is not distinguishable from the order in Pioneer Properties on the grounds that it is technically a final dismissal.
The Trustee’s second argument is that the expense of pursuing arbitration before the International Chamber of Commerce would prevent continued pursuit of the debtor’s contract claim. Thus, the Trustee contends, the exception to the finality rule in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) should apply.
The Cohen case held that certain collateral orders may be appealed prior to a final judgment. In a later case, the Supreme Court established a three-part test for determining whether an order falls within the Cohen rule:
To come within the “small class” of decisions excepted from the final-judgment rule in Cohen, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from final judgment.
Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d *1466 351 (1978) (footnote omitted). We must now consider whether Cohen’s narrow exception to the final judgment rule, as defined by Coopers & Lybrand, applies to the order compelling arbitration in the present case.
The Trustee cites Moses H. Cone Hospital v. Mercury Construction Co., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) as supporting the existence of the Cohen exception, and thus appellate jurisdiction, in the present case. But a close examination of the Moses H. Cone case makes clear that it is inapposite to the situation presently before the court.
In Moses H. Cone, a contractor filed suit in federal court to seek an order compelling arbitration of a contract dispute. At the same time, the opposing party had filed suit in state court seeking to void the arbitration provision. The district court stayed the construction company’s federal suit pending resolution of the issue of arbitrability in state court. The court of appeals reversed. After granting certiorari, the Supreme Court held that the order granting the stay in Moses H. Cone was appeal-able.
The appeal in Moses H. Cone was proper for two reasons. First, the Court held that the order was, in effect, a dismissal of the suit. Moses H. Cone, at 10, 103 S.Ct. at 933. Second, applying the three-part test described above, the Court concluded that the order granting the stay fell within the exception to the finality rule recognized in Cohen. “An order that amounts to a refusal to adjudicate the merits,” the Court reasoned, “plainly presents an important issue separate from the merits.” Moses H. Cone, 460 U.S. at 12, 103 S.Ct. at 935. Because the only issue in the federal suit was arbitrability and because the state court’s decision, once rendered, would be res judicata, the Supreme Court reasoned that the stay effectively ended the federal court’s role in the case, and that the order was therefore appealable. Id., at 10, 103 S.Ct. at 933. Such is not the case in the facts at hand.
The critical difference between Moses H. Cone and the present case is that Moses H. Cone did not involve an order compelling arbitration and staying the federal proceeding during that arbitration. Rather, it concerned a stay of a federal proceeding pending resolution of the arbitration issue in a state forum. The Court determined that because of the parallel state proceeding, the issue of arbitrability would be resolved conclusively outside of the federal forum. The res judicata effect of the state decision would have rendered the federal decision to stay its proceeding effectively unreviewable. It was on this basis that the Moses H. Cone Court found the Cohen rule applicable. And it is on this same basis that Moses H. Cone is unlike the present case when the Cohen standard is applied.
In Pioneer Properties v. Martin, 776 F.2d 888 (10th Cir.1985), this court distinguished Moses H. Cone, noting that decisions to compel arbitration normally are reviewable after, but only after, final judgment. In this case, as in Pioneer Properties, neither the issue of arbitrability nor the merits of the arbitration decision will necessarily evade later review. No state decision will render any issues res judicata as was the case in Moses H. Cone. The district court’s order compelling arbitration can be reviewed on final judgment, and the substance of any arbitration award also can be subject to the limited review of such awards set out in 9 U.S.C. § 10. Moreover, the fact that the Trustee may decide not to pursue arbitration because of its cost does not make the district court order final. The Pioneer Properties court rejected the notion that when “the practical effect of the district court’s decision ... to stay proceedings pending arbitration was to terminate all federal litigation on the merits,” the decision to stay should be immediately appealable. Pioneer Properties, 776 F.2d at 891. Even in Moses H. Cone, the Supreme Court recognized that “[tjhere is an obvious difference between a case in which the plaintiff himself may choose not to proceed and a case in which the district court refuses to allow the plaintiff to litigate his claim in federal court.” 460 U.S. at 11 n. 11, 103 S.Ct. at 934 n. 11 (emphasis in original). In the present case, the district court did not refuse to allow the *1467 claim’s litigation. On the contrary, the court’s order expressly contemplates the reopening of the case for cause. Moses H. Cone notwithstanding, the Cohen exception to 28 U.S.C. § 1291’s requirement of finality is inapplicable to the case at hand.
Cohen is not the only exception to the finality rule, however. This court has recognized that the intent of Congress would be frustrated by a mechanical application of section 1291’s finality requirement. Bender v. Clark, 744 F.2d 1424, 1427 (10th Cir.1984) (citing Cohen). In Bender, this court advocated a balancing approach in determining appealability of ostensibly interlocutory orders when denial of review might “violate basic judicial principles.” Id. In such cases, Bender held, “[t]he critical inquiry is whether the danger of injustice by delaying appellate review outweighs the inconvenience and cost of piecemeal review.” Id. Thus, before dismissing an appeal, this court has acknowledged a duty to weigh the possibility that denying immediate review might sound the “death knell” of an otherwise worthy action against Congress’s unequivocal policy of requiring review to be delayed until after final judgment. See Ringsby Truck Lines Inc. v. United States, 490 F.2d 620, 624 (10th Cir.1973) (recognizing “death knell” exception to final judgment rule in context of review of district court’s remand to Interstate Commerce Commission), cert. denied, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974), cited in Bender, 744 F.2d at 1427.
The exception to finality described in Bender and Ringsby must be applied only in the most exceptional circumstances. As the Supreme Court has noted, such an exception has the potential of entirely eliminating the finality requirement of section 1291, replacing it instead with a system of “indiscriminate interlocutory review of decisions made by the trial judge.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 474, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978) (emphasis by the Court) (rejecting death knell exception to finality review in the context of appeals from the denial of class status). The Coopers & Lybrand Court rejected a system of appeals in which appellate jurisdiction was determined by consideration of the appellees’ financial ability to continue to pursue the lawsuit. 437 U.S. at 470-71, 98 S.Ct. at 2458-59. It is a similar system for which the Trustee argues in this case. Although in extraordinary cases the policies supporting the finality requirement may need to be weighed against the effect of delaying review, this is not such an extraordinary case, and we must respect Congress’s intent to require finality as a prerequisite to appellate review.
Of course, Congress has not blindly sought to impose the finality requirement in every case. Normally in cases such as the present, rather than resorting to “death knell” arguments, the parties should avail themselves of the statutory procedure for interlocutory review that Congress has provided. See 28 U.S.C. § 1292(b). Nothing in the record indicates any attempt by the Trustee in this case to request the district court to certify the arbitrability question for interlocutory review. Had the Trustee availed himself of this procedure, many of the concerns warranting denial of appellate review might have been allayed. See Coopers & Lybrand, 437 U.S. at 476, 98 S.Ct. at 2462. As the case stands now, this court lacks jurisdiction, based on Pioneer Properties v. Martin, 776 F.2d 888 (10th Cir.1985), to proceed to the merits.
CGR has moved this court to award it its attorneys’ fees on appeal, claiming that the appeal is frivolous. We cannot find that this appeal merits such a sanction. We note that both Pioneer Properties and Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), a case potentially important to the merits of the action, had not been decided at the time the appeal was filed. The motion for attorneys’ fees pursuant to Fed.R.App.Pro. 38 is denied.
Appeal dismissed.

. The Trustee asserts that CGR's failure to perform its contract obligations was a primary factor in causing Life Imaging’s bankruptcy. CGR disputes this assertion.

. The form of the order is probably the result of the Trustee's representations to the district court that he did not intend to pursue arbitration due to that process’s alleged expense. We construe the order as the practical equivalent of a stay. The relief requested by CGR of the district court was a stay, (Record on Appeal at 19), and that is the relief statutorily authorized. 9 U.S.C. § 3 (1982) ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.”) Id. (emphasis added). Were the order construed to be a dismissal, the appropriate course for this court would be to vacate the order and remand for issuance of a stay.