**Robert C. KANUTH, Jr., Plaintiff,**

v.

**PRESCOTT, BALL & TURBEN, INC., Defendant.**

**Civ. A. No. 88–1416.**

United States District Court, District of Columbia.

Sept. 2, 1988.

Thomas A. Gottschalk, Betty S. Wommack, Joel S. Townsend, Washington, D.C., for plaintiff.

Edward L. Foote, David S. Acker, Stanley A. Walton, Chicago, Ill., Richard A. Hibey, Washington, D.C., for defendant.

## MEMORANDUM ORDER

FLANNERY, District Judge.

The plaintiff, Robert C. Kanuth, Jr., has filed a Motion for Reconsideration or, Alternatively, for § 1292(b) Certification,[1] which asserts error in this court's decision to stay proceedings in this case and to compel arbitration.[2] To a large extent, this motion rehearses arguments that already have been discussed and rejected by the court. The plaintiff's arguments therefore merit only brief discussion, and several contentions must be deemed waived for not having been presented to the court when the Motion to Compel Arbitration was first considered.

In granting that motion, the court held that Kanuth's execution of a U–4 Form,[3] a standard registration form in the securities industry containing a broad arbitration clause, bound him to arbitrate his contract and fraudulent misrepresentation claims against the defendant, Prescott, Ball & Turben (PBT). These claims were based on two contracts executed well before the U–4 Form, a Purchase Agreement and an Employment Agreement, which effected PBT's 1987 purchase of Cranston Securities, a firm that the plaintiff had owned from its founding in 1976. Kanuth had signed the U–4 Form shortly after he became an officer of PBT pursuant to the two agreements, copies of the form having been circulated to him along with a cover memorandum that asked him to "[p]lease check them over for accuracy."[4]

The plaintiff's principal argument in support of the Motion for Reconsideration is that there is a factual dispute, which a jury must consider, as to whether the agreement to arbitrate contained in the U–4 Form was intended to modify the reservation of remedies contained in the Employment Agreement. The reservation states that "[n]othing in this Agreement shall be deemed to preclude either party from taking such action as the law shall permit in the event of breach," and the plaintiff chooses to characterize this provision as an "express written agreement preserving his right to jury trial."[5] Plaintiff asserts that this provision must prevail over the "boilerplate" language in the U–4 Form, and refers the court to an affidavit in which Kanuth concedes signing the agreement but denies any recollection of having done so. Despite this lack of recollection regarding execution of the U–4 Form, Kanuth attests

---

1. See 28 U.S.C. § 1292(b) (authorizing district judge to certify an interlocutory order that "involves a controlling question of law as to which there is a substantial ground for difference of opinion" for immediate appeal).

2. *Kanuth v. Prescott, Ball & Turben, Inc.,* No. 88–1416 (Aug. 8, 1988) (Mem.).

3. See Mem. at 9 & n. 19 (discussing pervasive use of the U–4 form and regular enforcement by federal courts).

4. The full text of the memorandum, a portion of which was inaccurately reproduced in this court's earlier decision, reads as follows:

> Enclosed are your U–4 forms. Please check them over for accuracy. If everything is in order, please sign all copies on page 4 *ONLY* next to the "X" above your name.
> After you [have] completed the forms, please return them to Registrations Department as soon as possible. [I]f you have any questions, please contact our department.
> Thank you.
> Inter–Office Memo (November 24, 1987), *appended to* Defendant's Reply Memorandum in Support of Motion to Compel Arbitration and Stay Proceedings.

5. Plaintiff's Motion for Reconsideration or, Alternatively, for § 1292(b) Certification at 1.

with certitude that he did not intend at the time to modify or limit his contract remedies.[6]

In support of his claimed right to a jury determination of the U–4 Form's effect, the plaintiff refers the court to the Federal Arbitration Act,[7] which specifically directs the court to have a jury decide issues concerning "the making of the arbitration agreement."[8] As noted earlier however, there is no dispute regarding the "making" of the agreement: Kanuth did not oppose the Motion to Compel Arbitration by asserting "any legal or equitable grounds on which he might avoid the U–4 Form" under contract law,[9] and his affidavit concedes its execution. Had the plaintiff disputed formation of the U–4 agreement to arbitrate, or asserted some other contract defense (fraud, mistake, failure of consideration, etc.), the court assuredly would have referred any such issue to a jury. These contractual issues were never presented, however, and the plaintiff's necessarily dubious assertion about his intent in entering a contract he does not recall signing does not create a triable dispute. The only arguable dispute in this case concerns the scope of the U–4 Form; on the undisputed facts, federal law does not permit the court (or a jury) to disregard the unmistakably comprehensive language of the arbitration clause in the U–4 Form in the manner sought by the plaintiff.[10]

In the Motion for Reconsideration, the plaintiff simply has endeavored to recast his arguments about the scope of the U–4 Form as challenges to the validity of the form as a waiver or modification of the underlying agreements. The court's first memorandum adequately addressed these arguments. Belatedly, Kanuth argues to the court that his execution of the U–4 Form was procured by fraud or mutual mistake.[11] If this latter assertion had been properly presented to the Court in opposition to the Motion to Compel Arbitration, there is no doubt that a jury trial of the issue would have been required; it was not presented. The Motion for Reconsideration is not an occasion for the plaintiff to relitigate the case by inclusion of arguments omitted earlier. Kanuth waived the fraud and mutual mistake claims by failing to present them properly.

For the reasons set forth and in the memorandum of August 8, 1988, the court will deny the Motion for Reconsideration. A review of that decision and of the entire record in this case persuades the court that the court's decision does not present "a controlling question of law as to which there is a substantial ground for difference of opinion."[12] The alternative motion for certification for interlocutory appeal therefore will be denied as well.[13] For these reasons, it is by the court this 2nd day of September, 1988

ORDERED that the plaintiff's Motion for Reconsideration is denied; and it is further

ORDERED that the plaintiff's Motion, in the Alternative, for § 1292(b) certification is denied; and it is further

ORDERED that the stay of proceedings in this action, entered August 8, 1988, will remain in effect; and it is further

ORDERED that the parties submit the dispute to arbitration and refrain from further discovery.

---

6. *See* Mem. at 6–7 & n. 8.

7. 9 U.S.C. § 1–14.

8. 9 U.S.C. § 4.

9. Mem. at 5.

10. Mem. at 4–11.

11. Motion for Reconsideration at 10–11.

12. 28 U.S.C. § 1292(b).

13. The court expresses no view on whether the August 8 order might nonetheless satisfy finality requirements for purposes of appeal. *See, e.g. Quinn v. CGR*, 828 F.2d 1463, 1465 (10th Cir. 1987) (stay pending arbitration not a final order for purposes of appeal).