992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Michael HINKLE, D.D.S., Plaintiff-Appellant,
v.
DELTA DENTAL PLAN OF OKLAHOMA, a corporation; Linda C.
Campbell; Joe Massad; David Murdock; William E. Goodman,
D.D.S.; Jackson D. Haraway, D.D.S.; James R. Dougherty,
D.D.S.; Lindy H. Combrink; Terry D. Grubbs, D.D.S.; Jay
L. Kruska, D.D.S.; James D. Limestall, D.D.S.; Fred R.
Lucas, D.D.S.; Phyllis Turlington; Cynthia Vogler Henry,
R.D.H., in their individual capacities; the Board of
Governors of Registered Dentists of Oklahoma, Defendants-Appellees.
 No. 92-6178.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 VAN BEBBER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff-appellant Charles Michael Hinkle seeks review of the district court's decision to abstain from hearing his claims for injunctive and declaratory relief and to stay his claims for monetary relief. Because the order of the district court is not final under 28 U.S.C. § 1291, and because no exception to the requirement of finality applies, this appeal is dismissed for want of jurisdiction, and we do not reach the other issues raised.
 
 
 6
 After receiving unsolicited complaints about Dr. Hinkle, an Oklahoma dentist, defendant Board of Governors of Registered Dentists of Oklahoma (Board) initiated an investigation into Dr. Hinkle's dental practice. Before that investigation could be completed, Dr. Hinkle filed suit in the United States District Court for the Western District of Oklahoma against the Board and Delta Dental Plan (Delta) alleging state and federal antitrust violations, abridgement of various constitutional rights, and assorted state law tort claims.
 
 
 7
 Citing Younger v. Harris, 401 U.S. 37 (1971), the district court determined that abstention was appropriate with respect to Dr. Hinkle's request for declaratory and injunctive relief. Order on Defendants' Motions to Dismiss, Appellant's App. tab 10 at 11 (Order). The court reserved the monetary claims, however, staying those claims to "preserve plaintiff's ability to later pursue those issues after completion and review of the Board's proceedings." Order at 14. This appeal followed.
 
 
 8
 Our first obligation is to inquire into the basis for our own jurisdiction. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989). To that end, we ordered additional briefing on the jurisdictional issue and now agree with defendants that the district court order is not final for purposes of appeal.
 
 
 9
 As a general rule, only final orders of the federal district courts are within the appellate jurisdiction of this court. 28 U.S.C. § 1291. "An order is final and appealable when the district court enters a decision which ends the litigation leaving nothing to be done except execution of the judgment." Primas v. City of Oklahoma City, 958 F.2d 1506, 1513 (10th Cir.1992) (citing Catlin v. United States, 324 U.S. 229, 233 (1945)). Under that standard, the order here is not final because the court stayed the monetary claims pending resolution of the state proceedings. An order in which "assessment of damages or awarding of other relief remains to be resolved [has] never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976).
 
 
 10
 The other possible basis for our jurisdiction in this case is 28 U.S.C. § 1292(a)(1) which grants jurisdiction to this court over interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions." By abstaining from that portion of the case requesting injunctive relief, the court effectively refused to grant an injunction. See Carson v. American Brands, Inc., 450 U.S. 79, 83 (1981) (refusing to enter a consent decree had same practical effect as refusing to issue an injunction). Showing that the district court's order had the same practical effect as the denial of an injunction, however, is only the first step in establishing this court's jurisdiction under § 1292(a)(1). Dr. Hinkle must also show that the interlocutory order "might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." Id. at 84 (emphasis added); see also United States v. Colorado, 937 F.2d 505, 507-08 (10th Cir.1991). Based on these standards, Dr. Hinkle has made no showing sufficient to override the general congressional policy against piecemeal appeals. See Carson, 450 U.S. at 84.
 
 
 11
 Dr. Hinkle has failed to demonstrate that the interlocutory order, if left unreviewed at this time, will have a "serious, perhaps irreparable, consequence." The fact that Dr. Hinkle will have to withstand investigation by the Board is not the type of serious consequence contemplated here. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 U.S. at 46. Because defending against a criminal prosecution is not enough to constitute an irreparable consequence, neither is Dr. Hinkle's participation in the Board's administrative procedure. Because the Carson test is phrased in the conjunctive, Dr. Hinkle's inability to meet the "irreparable consequence" prong obviates the need for further analysis.
 
 
 12
 As mentioned above, in addition to abstaining on the requests for injunctive and declaratory relief, the district court stayed Dr. Hinkle's monetary claims under the authority of Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). Order at 14. Dr. Hinkle argues that under Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983), the stay order is appealable. We disagree.
 
 
 13
 A stay order is ordinarily not immediately appealable. Moses H. Cone, 460 U.S. at 10 n. 11; Pioneer Properties, Inc. v. Martin, 776 F.2d 888, 890 (10th Cir.1985). In Moses H. Cone, however, the Supreme Court did find that an order staying litigation in the federal court in favor of parallel litigation in a state court over a question of mandatory arbitration was immediately appealable. Moses H. Cone, 460 U.S. at 8-10. Moses H. Cone, however, is distinguishable. There, the issue of whether the claims between the parties were subject to mandatory arbitration was identical in both courts. This identity of issues posed the real danger that a decision in the state court would be res judicata in any later federal action. Thus, after the federal court's decision to stay the matter pending the outcome of the state action, the complaining litigant was " 'effectively out of [federal] court.' " Id. at 10 (quoting Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715 n. 2 (1962)). That is not the situation here.
 
 
 14
 The issues before the defendant Board involve whether Dr. Hinkle has complied with the Oklahoma Dental Act. The monetary claims stayed by the district court involve claims for damages for antitrust and constitutional violations and various state torts. We fail to see how any determination regarding Dr. Hinkle's compliance with the Dental Act would bar later consideration by the federal court of his antitrust claims against Delta or his claims of constitutional infringement with regard to the Board's handling of his case. It is theoretically possible for the Board and the courts of Oklahoma to find that Dr. Hinkle was not in compliance with the Dental Act, but for him still to be able to argue in a federal forum that the Dental Act itself, or the Act as applied to him by the Board, infringes upon his constitutional rights.
 
 
 15
 Dr. Hinkle is not effectively out of federal court in this case. He retains the right to return to that forum after the state proceedings are completed to litigate his monetary claims. The stay order, therefore, is not a final order under 28 U.S.C. § 1291. See Pioneer Properties, 776 F.2d at 891 (similarly distinguishing Moses H. Cone ); Crotty v. City of Chicago Heights, 857 F.2d 1170, 1174 (7th Cir.1988) (holding stay order not a final appealable order where court retained jurisdiction over RICO claim and allowed discovery to proceed on that issue).[1]
 
 
 16
 Dr. Hinkle, citing Cheyney State College Faculty v. Hufstedler, 703 F.2d 732 (3d Cir.1983), argues that the order is appealable because it is indefinite, and thus unreasonably delays his right to litigate his claims in federal court. The stay here, however, is not indefinite. It will be lifted when Dr. Hinkle notifies the court that "his administrative proceedings have been fully and finally adjudicated." Order at 16. Dr. Hinkle hypothesizes that the Board could permanently block the continuation of his case in federal court by indefinitely stalling its proceedings against him. This concern, should it materialize, can be addressed through the Oklahoma state court system, which could presumably order the Board to act or dismiss its complaint against Dr. Hinkle, thus freeing him to reactivate his case in the district court.
 
 
 17
 As a final strategy, Dr. Hinkle asks this court to construe his notice of appeal as a petition for writ of mandamus and grant him relief despite the interlocutory nature of the district court's order. We decline this invitation. This court has, on occasion, treated a notice of appeal as a petition for writ of mandamus. See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.), 911 F.2d 380, 387 (10th Cir.1990); State Farm Mut. Auto. Ins. Co. v. Scholes, 601 F.2d 1151, 1154 (10th Cir.1979). Even if we were to do that here, however, mandamus relief would not be warranted.
 
 
 18
 Mandamus relief is an extraordinary remedy to be granted only in extreme situations. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Such relief "will issue only in those exceptional cases where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power." In re Kaiser Steel Corp., 911 F.2d at 387. Dr. Hinkle has failed to show that the actions of the district court even approach this standard.
 
 
 19
 Because the order appealed from here is not a final order, we dismiss this appeal for lack of jurisdiction.
 
 
 20
 Appeal DISMISSED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Dr. Hinkle cites Travelers Indemnity Co. v. Madonna, 914 F.2d 1364 (9th Cir.1990), wherein the court states, "A Colorado River stay order is appealable as a final order." Id. at 1367 (citing Moses H. Cone, 460 U.S. at 13). That is generally true because an order pursuant to Colorado River usually "contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." Moses H. Cone, 460 U.S. at 28. Here, however, it is clear that the district court contemplated further proceedings after resolution of the state matters. In addressing the antitrust claim against Delta, the court postponed consideration of a possible antitrust defense, noting that "at this time there is no need to reach the question." Order at 15 (emphasis added). As noted above, the stay order was entered specifically to help preserve Dr. Hinkle's ability to pursue the claims after the Board proceedings were completed. Id. at 14. Finally, the court specifically directed that the clerk "administratively close this case with respect to the plaintiff's claims for monetary relief, to be reopened when plaintiff notifies the Court that his administrative proceedings have been fully and finally adjudicated." Id. at 16 (emphasis added). As in Crotty, 857 F.2d at 1174, this is not a case where the district court has completely surrendered federal jurisdiction in favor of the state system. Thus, there is no finality for purposes of § 1291