FILED
United States Court of Appeals
Tenth Circuit

November 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERALD LEE PATTERSON,

     Plaintiff - Appellant,

v.

GEORGE SANTINI, M.D.; CAMACHO, P.A.; FIVE JOHN/JANE DOES,

     Defendants - Appellees.

No. 15-1147
(D.C. No. 1:11-CV-01899-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Gerald Lee Patterson appeals from the district court's order denying his motion to reopen his *Bivens* suit, which the district court administratively closed after the parties entered a conditional settlement. Because the collateral proceedings that motivated the administrative closure in this case have been resolved and Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Patterson has expressed his desire to litigate his claims that are now ripe for review, the district court abused its discretion in denying Mr. Patterson's motion to reopen. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore reverse the district court and order it to reopen Mr. Patterson's administratively closed case.

## I. BACKGROUND

While incarcerated at the Federal Correctional Institution in Florence, Colorado, Mr. Patterson filed a pro se complaint in the United States District Court for the District of Colorado alleging Federal Bureau of Prison (BOP) officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Specifically, Mr. Patterson argued BOP officials demonstrated an indifference to his medical issues relating to herniated discs in his neck. After a magistrate judge recommended denying Defendants' motion to dismiss, the court held a settlement conference, during which the parties indicated they had reached a settlement.

The settlement agreement explained that the parties had reached "a conditional resolution of Plaintiff's claims." Under this conditional resolution, the BOP agreed to "reconsider Plaintiff's application for compassionate release" and to make a decision "by September 6, 2014," in exchange for "the parties moving to administratively close this case." The BOP further agreed to "make a good-faith effort to reconsider all of the applicable grounds on which Plaintiff might be entitled to compassionate relief, including his medical condition" and to provide Mr. Patterson "appropriate medical care" in the interim. The settlement agreement contemplated one of two outcomes to Mr. Patterson's application for compassionate relief. First, under the

2

terms of the settlement agreement, "Should the [BOP] grant Plaintiff compassionate release, he agrees to dismiss with prejudice all of the claims that were lodged as part of this lawsuit or that could have been brought as part of it . . . ." The agreement otherwise contemplated, "If the [BOP] denies Plaintiff's request for reconsideration of his application for compassionate release, either party may move to have the Court reopen the . . . case to request that judicial action be taken with respect to the pending claims."

Based on this agreement, the parties filed a stipulated motion for administrative closure. The district court granted the motion, ordering that the matter be "administratively closed" pursuant to the District of Colorado Local Civil Rule 41.2. The order further provided, "The parties may reopen this matter upon motion filed showing good cause." *See* D. Colo. Civ. R 41.2 ("A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause."). The district court's order did not explain under what circumstances Mr. Patterson's case could be considered dismissed.

Less than a month later, Mr. Patterson filed a motion for clarification of the settlement agreement. He alleged that he misunderstood the meaning of the agreement, that he had entered into it under duress, and that had he been allowed to consult competent counsel, he would not have agreed to the settlement agreement unless it had guaranteed him compassionate release. The district court denied the

3

motion, concluding, first, that Mr. Patterson had no right to counsel and therefore no right to consult and, second, that he failed to substantiate his duress claim.

Mr. Patterson then filed a request for reconsideration for compassionate release to the BOP. The BOP denied the application.[1]

As a result of the denial of compassionate release, Mr. Patterson filed a motion to reopen his case for good cause, arguing the settlement had been procured under extreme duress. Specifically, he claimed the BOP manipulated the facts, refused to follow the appropriate policy when reviewing his application for compassionate release, and failed to provide adequate medical treatment until his promised release date of September 6, 2014. The district court denied the motion. The court reasoned that the substance of Mr. Patterson's duress claim related to the denial of his application for compassionate release and there was no nexus between that conduct and the procurement of the settlement agreement.

---

[1] Specifically, the BOP concluded that Mr. Patterson did not fit any of the criteria for compassionate-release eligibility. First, it determined that although Mr. Patterson was seventy-six years old and had served 67 percent of his sentence, his overall medical condition was "unremarkable" and he therefore did not qualify under a category that allows for compassionate release of inmates who are at least sixty-five years old, who have served at least 50 percent of their sentence, and whose health is deteriorating based on a chronic or severe medical condition. The BOP also determined Mr. Patterson did not qualify under a second category of compassionate release for inmates who are at least sixty-five years old and have served the greater of ten years or 75 percent of their term of imprisonment. Finally, the BOP considered whether Mr. Patterson would pose a danger to the community, were he released. It concluded that his criminal history and the severity of his crime (possession with the intent to distribute large quantities of methamphetamine and evidence showing he was the leader of a criminal conspiracy) cut against granting his application for compassionate release.

Mr. Patterson then submitted a renewed motion to reopen for good cause and submitted a sworn declaration substantiating his duress claims. The district court denied the renewed motion. The court ruled that Mr. Patterson's duress allegations had substantially changed, which "undercut[] significantly the credibility of any single characterization." And despite Mr. Patterson's allegation that BOP officials had assured him that he would be released if he agreed to the settlement, the court ruled that "[n]othing in [the settlement agreement] can remotely be taken as suggesting that Plaintiff's release by September 6, 2014 was guaranteed." The court thus concluded that although the settlement agreement permits Mr. Patterson to request that his case be reopened, "the Local Rules still require good cause," and, finding none, the court denied the renewed motion to reopen Mr. Patterson's case.

Mr. Patterson filed a notice of appeal indicating his intent to appeal the district court's denial of his renewed motion to reopen the case. Because the district court had not entered a final judgment or otherwise indicated that it had dismissed Mr. Patterson's case, we issued an order for clarification asking the district court to indicate whether its order denying the renewed motion to reopen constituted a final, appealable order. In response, the district court entered a separate order dismissing Mr. Patterson's case with prejudice.

## II. DISCUSSION

Mr. Patterson argues the district court erred in denying his renewed motion to reopen his *Bivens* case for failure to show good cause. Because district courts have broad discretion in managing their own dockets, *United States v. Nicholson*, 983 F.2d

5

983, 988 (10th Cir. 1993), we review the denial of a motion to reopen for an abuse of discretion, *see United States v. Texas*, 457 F.3d 472, 476 (5th Cir. 2006) (finding "no abuse of discretion in the district court's . . . decision to reopen the [administratively closed] case"). A court abuses its discretion when it "issues an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs,* 613 F.3d 1229, 1239–40 (10th Cir. 2010). Likewise, an abuse of discretion occurs "where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1262 (10th Cir. 2012).

We also note Mr. Patterson's pro se status in the district court and on appeal. "[A] pro se litigant's [filings] are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (first alteration in original). Viewing Mr. Patterson's motion to reopen through this liberal construction, we conclude the district court abused its discretion in denying the motion and dismissing the case.

When a court administratively closes a case, the closure generally operates as "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 & n.2 (10th Cir. 1987). "Unlike a stay however, an administratively closed case is not counted as active although it remains on the docket . . . ." *SEC v. Halek*, 537 F. App'x 576, 579 (5th Cir. 2013). Use of the administrative-closure mechanism allows district courts "to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is

6

pending)." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004); *see e.g.*, *Quinn*, 828 F.2d at 1465 (administrative closure due to pending arbitration); *WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424, 426 (3d Cir. 2005) (administrative closure due to the initiation of bankruptcy proceedings); *Halek*, 537 F. App'x at 578 (administrative closure due to conditional settlement). Because an administratively closed case "still exists on the docket of the district court," it "may be reopened upon request of the parties or on the court's own motion." *Mire*, 389 F.3d at 167 (5th Cir. 2004).

Each federal district may promulgate its own rules governing the process for administratively closing and reopening a case. In the District of Colorado, a district court "may order the clerk to close a civil action administratively subject to reopening for good cause." D. Colo. Civ. R. 41.2. Therefore, in the District of Colorado, a party seeking to reopen a case that has been administratively closed must demonstrate good cause. But courts have not viewed this good cause standard as an onerous one. Instead, good cause to reopen a case exists where "the parties wish to litigate the remaining issues that have become ripe for review." *Am. Family Mut. Ins. Co. v. Teamcorp, Inc.*, 835 F. Supp. 2d 1083, 1086 (D. Colo. 2011); *see also Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176 (10th Cir. 2005) ("Although the district court ordered the proceeding 'administratively close[d],' it is clear from the context of the order that the court contemplated continued litigation after completion of the administrative proceedings." (alteration in original)); *Frederick v. Hartford Underwriters Ins. Co.*, No. 11-CV-02306-RM-KLM, 2015 WL

7

1499662, at *1 (D. Colo. Mar. 27, 2015) ("Because administrative closure is a purely administrative act, it has no effect on the parties' rights or claims. Here, Defendant seeks a determination of the parties' rights and claims. Thus, good cause exists to reopen the matter." (citations omitted)); *Phoenix Ins. Co. v. Cantex, Inc.*, No. 13-CV-00507-REB-BNB, 2014 WL 2058106, at *1 (D. Colo. May 19, 2014) ("Generally, there is good cause to reopen when parties seek to litigate remaining issues that are ripe for review.").

In this case, Mr. Patterson's case was administratively closed after the parties entered a conditional settlement. The settlement agreement contemplated two possible outcomes: (1) the BOP would grant Mr. Patterson's petition for compassionate release, which would trigger Mr. Patterson's obligation to seek dismissal of his case with prejudice, or (2) the BOP would deny Mr. Patterson's request for compassionate release, which would trigger Mr. Patterson's right to seek a reopening of his case. The second outcome occurred, and, pursuant to the terms of the settlement agreement, Mr. Patterson moved the district court to reopen his case. Although Mr. Patterson couched his good cause argument in terms of duress, he also made clear to the district court that the BOP had denied his petition for compassionate release and that he wished to litigate the merits of his claims. Because the condition that would have triggered an obligation to dismiss the case failed to occur and because Mr. Patterson expressed his desire to litigate his claims, good cause existed to reopen Mr. Patterson's case. *See, e.g., Halek*, 537 F. App'x at 579–80 (affirming the reopening of an administratively closed case after proposed

8

settlement reached an impasse). In requiring proof of something more than a desire to litigate issues that had become ripe for review, the district court abused its discretion by applying an incorrect legal standard.

## III.   CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's denial of Mr. Patterson's motion to reopen his case and **REMAND** with instruction to reopen the case to allow the parties to litigate the merits of Mr. Patterson's claims. We also **GRANT** Mr. Patterson's motion to proceed in forma pauperis but remind him of his obligation to make partial payments until the filing fees are paid in full.

Entered for the Court


Carolyn B. McHugh
Circuit Judge