943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth W. McHENRY, Plaintiff-Appellant,
v.
AETNA LIFE AND CAUSALTY INSURANCE COMPANY, Defendant-Appellee.
 No. 91-4008.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1991.
 
 ORDER AND JUDGMENT*
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Appellant Kenneth McHenry appeals the district court's denial of his Rule 60(b) motion to reconsider its prior ruling on plaintiff's motion for summary judgment. We grant appellant's in forma pauperis petition, but nevertheless affirm the district court's denial of the 60(b) motion.
 
 BACKGROUND
 
 3
 This case arises from McHenry's claim that his defense in a medical malpractice action was not properly conducted by counsel provided by Aetna, his malpractice insurer. The district court for the District of Utah entered summary judgment in favor of Aetna on the grounds that McHenry's claims were barred by the relevant statute of limitations. McHenry appealed to the Tenth Circuit, arguing that the district court applied the wrong statute of limitations and wrongly excluded an affidavit submitted by him in opposition to the motion for summary judgment. We affirmed the district court on appeal. Following our affirmance, McHenry filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure requesting that the district court reconsider its prior ruling. The district court denied the motion, and McHenry now appeals.
 
 ANALYSIS
 
 4
 In reviewing a district court's denial of a Rule 60(b) motion, an appellate court is limited to considering whether the district court abused its discretion. Summers v. Utah, 927 F.2d 1165, 1168 (10th Cir.1990) (district court is "vested with a great deal of discretion in its decision to grant or deny a Rule 60(b) motion"). Absent such an abuse of discretion, the district court's determination should not be disturbed. Adams v. Merrill Lynch Pierce Fenner & Smith, 888 F.2d 696, 702 (10th Cir.1989). We find no abuse of discretion here.
 
 
 5
 Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a prior judgment or order in the event of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time ...; (3) fraud ...; misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment." McHenry asserts that the district court made mistakes of law in determining the appropriate statute of limitations and in excluding McHenry's affidavit in opposition to defendant's motion for summary judgment. In the case at hand, McHenry merely reasserts issues and arguments which were rejected by the district court and court of appeals. In effect, he has attempted to use Rule 60(b) as yet another level of appellate review. This will not do. Because McHenry has alleged no extraordinary circumstances which would alter our earlier consideration of these issues, we stand by our prior order and judgment.
 
 
 6
 In addition to the alleged mistakes of law, McHenry also alleges fraud on the part of Aetna during the summary judgment hearing. Such an allegation necessarily implicates Rule 60(b)(3). However, McHenry concedes that the alleged misrepresentations were corrected by the time the case reached the Tenth Circuit on appeal. Since the Tenth Circuit nevertheless affirmed the district court's granting of summary judgment, we think it is clear that the allegations of fraud did not "present matter that is material and of such importance that it would likely alter the outcome...." Aldrich Enterprises, Inc. v. United States, --- F.2d ----, 1991 WL 124737 at 8 (10th Cir. July 12, 1991). Moreover, we note that "[e]ven where misrepresentations are made during a litigation, it is not an abuse of discretion to deny relief where the losing party had access to accurate information." 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.24 (2d Ed.Supp.1987-88). Since appellant presumably had access to accurate information at all times--including the summary judgment hearing--we cannot say that it was an abuse of discretion for the district court to deny appellant's Rule 60(b) motion.
 
 CONCLUSION
 
 7
 Since the appellant has not demonstrated any unusual or extraordinary circumstances that would entitle him to relief under 60(b), we cannot say that the district court abused its discretion. We therefore AFFIRM the district court in denying the 60(b) motion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3