**EUGENE E.F.W. REID, for and in Behalf of the LDS CHURCH, Plaintiff**

**v.**

**PUAILOA TAVETE, IOSE, FAIMA, LAVATAI, and DOES I TO V, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 41-79

January 21, 1993

Before RICHMOND, Associate Justice, MAILO, Associate Judge, BETHAM, Associate Judge.

Counsel:　　　For Plaintiff, Wilford W. Kirton, Jr., Merrill F. Nelson, and Gata E. Gurr
　　　　　　　For Defendants, Charles V. Ala'ilima

Opinion and Order Denying Motion for Rule 60(b) Relief:

## I. CASE HISTORY

The dispute over this 300 acre portion of the land called "Malaeimi" has a long history indeed. In deciding a dispute over the matai title "Puailoa" in favor of Nouata, the High Court stated that approximately 360 acres of Malaeimi, including the land at issue, was the individually owned land of the title predecessor's widow, Salatiama. *Nouata v. Pasene*, LT No. 18-1930 (Land & Titles Div. 1931). Nouata's subsequent protests of the decision to the Chief Justice and the Governor went unheeded. In 1953, Salataima sold approximately 300 acres to the LDS Church, which had previously leased the land. Forty-seven years after the 1931 *Nouata* decision, Puailoa Tavete sought to set aside the judgment or obtain a new trial on T.C.R.C.P. 60(b) and other grounds, but his motion was denied. *Nouata v. Pasene*, LT No. 18-1930 (Land & Titles Div. 1979), *aff'd* 1 A.S.R.2d 25 (App. Div. 1980).

Shortly thereafter, the LDS Church filed suit to enjoin the Puailoa family from trespassing. The High Court overruled the 1931 *Nouata* case, holding that Malaeimi was the Puailoa family's communal land and the 300 acre parcel was not legally alienated to the LDS Church. *Reid v. Puailoa*, LT Nos. 7-79 & 41-79 (Land & Titles Div. 1982), *aff'd in part and rev'd in part*, 1 A.S.R.2d 85 (App. Div. 1983), *aff'd sub nom. Corporation of the Presiding Bishop v. Hodel*, 637 F. Supp. 1398 (D.D.C. 1986), *aff'd* 830 F.2d 374 (1987), *cert. denied* 486 U.S. 1015 (1988).

In 1983, Puailoa Tavete filed suit to establish his claim for the other 60 acres. Declaring that it was bound by the 1931 *Nouata* decision but not *Reid*, the High Court held that this land was legally alienated as Salataima's individually owned land. *Puailoa v. Estate of Lagafuaina*, 11 A.S.R.2d 54 (Land & Titles Div. 1989), *aff'd* AP No. 20-89 (App. Div. 1991). On the basis of the *Lagafuaina* decision, the LDS Church

now seeks relief from the *Reid* judgment under T.C.R.C.P. 60(b)(4)-(6).[1]

## II. RULE 60(b) RELIEF, GENERALLY

T.C.R.C.P. Rule 60(b), which is patterned after Fed. R. Civ. P. 60(b), permits relief from a final judgment or order in certain enumerated situations; other, unforeseen situations are covered by a "catch-all" clause. Such relief is not mandatory, though; Rule 60(b) relief is at the trial court's discretion. *Taulaga v. Patea*, 12 A.S.R.2d 64, 65 (Land & Titles Div. 1989); *Amerika Samoa Bank v. Haleck*, 6 A.S.R.2d 54, 57 (App. Div. 1987) (trial court's ruling will be reversed on appeal only for abuse of discretion). Rule 60(b) motions are primarily granted in regard to default judgments or other situations, such as those involving fraud, in which a failure to consider the merits of the case would result in an obvious injustice. *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977); *see Satele v. Uiagalelei* (Mem.), 8 A.S.R.2d 97 (Land & Titles Div. 1988) ("[m]otions for relief from judgment after trial should not be granted as freely as those seeking relief from default judgments"). The strong interest in the finality of judgments means Rule 60(b) is rarely available, even if a judgment is subsequently found to be wrong. The general limits of Rule 60(b) relief are described as follows:

> Weighing against the grant of a 60(b) motion is the desirability of finality in judgments. This is particularly true where the reopening of a judgment could unfairly prejudice the opposing party. . . . But even without such prejudice, the desirability of orderliness and predictability in the judicial process

---

[1] The pertinent portions of T.C.R.C.P. Rule 60(b) are as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

speaks for caution in the reopening of judgments. These are matters that are addressed to the sound discretion of the trial court . . . .

*Fackelman*, 564 F.2d at 736.

## III. RULE 60(b)(4)

### A. Statement of Law

Rule 60(b)(4) permits a court to grant relief from a "void" judgment. "Void" means the court lacked the power to enter the judgment, usually when it lacked jurisdiction over the parties or the subject matter. A judgment can also be void if the court violated "due process of law" or engaged in "a plain usurpation of power." *Matter of Whitney-Forbes*, 770 F.2d 692, 696-97 (7th Cir. 1985); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224-25 (10th Cir. 1979); *United States v. Holtzman*, 762 F.2d 720, 724 (9th Cir. 1985) (a plain misinterpretation of statutorily delegated power is "blatant usurpation"); *Nouata v. Pasene*, 1 A.S.R.2d 25, 31 (App. Div. 1980) (clear usurpation of power, lack of jurisdiction, or lack of notice may void a judgment). Nevertheless, "[a] judgment which a court has the power to make, and one which [is] rendered in accordance with minimal standards of due process, is a valid judgment, even if it is incorrect." *Nouata*, 1 A.S.R.2d at 30.

Only the most extraordinary circumstances will support a finding of a void judgment, and even then usually only as to default judgments. *Nouata*, 1 A.S.R.2d at 31. Thus, a "judgment is not void merely because it is or may be erroneous." *Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir. 1981) (quoting *V.T.A.*, 597 F.2d at 224); *Holtzman*, 762 F.2d at 724; *United States v. 119.67 Acres of Land*, 663 F.2d 1328, 1331 (5th Cir. 1981); *Whitney-Forbes*, 770 F.2d at 696 (even "gross errors" do not render a judgment void). Because of the interest in finality, voidness grounds are "narrowly restricted." *V.T.A.*, 597 F.2d at 225; *119.67 Acres*, 663 F.2d at 1331; *see also Whitney-Forbes*, 770 F.2d at 696.

### B. Discussion

The High Court has jurisdiction over land and land titles under A.S.C.A. § 3.0208(b). Furthermore, federal courts have held that the *Reid* court did not deny the plaintiff due process. The federal district court stated that *Reid* was "not clearly erroneous or even an abuse of

discretion. It certainly does not constitute the type of arbitrary, gross, or 'perverse' reading of the law" necessary to constitute a taking of property without due process. *Corporation of the Presiding Bishop*, 637 F. Supp. at 1410. The court of appeals said that the 1931 *Nouata* decision was ambiguous and that the *Reid* court's failure to give that decision res judicata effect did not deprive the church of due process. *Corporation of the Presiding Bishop*, 830 F.2d at 380-81, 387. The High Court is bound by those decisions.

Plaintiff alleges that the *Lagafuaina* decision held that *Reid* was wrongly decided. However, changes in precedent and evidence of factual errors do not result in voidness. Even if *Lagafuaina*'s holding were, in fact, contrary to that of *Reid*, this would not convert *Reid* from an enforceable judgment to one which "usurped" power. Therefore, the judgment in *Reid* is not void; and relief is unavailable under Rule 60(b)(4).

## IV. RULE 60(b)(5)

### A. Statement of Law

Rule 60(b)(5) permits relief from a judgment when a prior judgment forming its basis has been reversed or vacated, or if giving it prospective application would be inequitable.[2] As such, Rule 60(b)(5) relief is available

> only in situations where a temporary factual underpinning of an order has ceased to exist, as when an order to pay damages is no longer appropriate because the claim has been satisfied in some way different from that contemplated by the order, or there is an implicit limitation to the time during which a prospective judgment is to be given effect.

*Nouata*, 1 A.S.R.2d at 33-34 (citing, *e.g.*, *Jackson v. Jackson*, 276 F.2d 501 (D.C. Cir. 1960), *cert. denied* 364 U.S. 849 (1960); *Loney v. Scurr*, 474 F. Supp. 1186 (S.D. Iowa 1979); *John W. Johnson, Inc. v. J.A. Jones Constr. Co.*, 369 F. Supp. 484 (E.D. Va. 1973)).

---

[2] The provision regarding "satisfied, released, or discharged" judgments is inapplicable here.

> Subsection (5) does not apply just because a precedent on which the decision relied was overruled. Rather, its application is limited to a judgment *based* on a prior judgment reversed or otherwise vacated--based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding. . . . The relation between the present judgment and the prior judgment must thus be closer than that of a later case relying on the precedent of an earlier case . . . .

*Tomlin v. McDaniel*, 865 F.2d 209, 210-11 (9th Cir. 1989) (change in applicable law after a final judgment is insufficient to vacate) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2863, at 202-04 (1973); 7 J. Moore & J. Lucas, Moore's Federal Practice § 60.26[3], at 60-246 to 60-248 (1987) (emphasis in original)); *see Marshall v. Board of Education, Bergenfield, New Jersey*, 575 F.2d 417, 424 (3d Cir. 1978). As such, a later change in the law provides grounds for relief only in situations such as a reversal or modification of a prior judgment or an amending of a statute. *Wallace Clark & Co., Inc. v. Acheson Industries, Inc.*, 394 F. Supp. 393, 395 n.4 (S.D.N.Y. 1975), *aff'd* 532 F.2d 846 (2d Cir. 1976), *cert. denied* 425 U.S. 976 (1976). Thus, no relief is available if the law used by a court was later overruled or declared to be erroneous in an unrelated proceeding. *Marshall*, 575 F.2d at 424 n.24 (quoting *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 650 (1st Cir. 1972)); *Wallace Clark*, 394 F. Supp. at 395 n.4; *In re Master Key Antitrust Litigation*, 76 F.R.D. 460, 463 (D.C. Conn. 1977), *aff'd without opinion* 580 F.2d 1045 (2d Cir. 1978) (citing 7 Moore's Federal Practice ¶ 60.26[3] at 325 (2d ed. 1975)).

A court may also grant relief from a judgment whose application is "prospective" or "executory." *Marshall*, 575 F.2d at 425 (contrasted with a damage award, which is "inherently final" and is unaffected by a later change in the law). The standard for "determining whether an order or judgment has prospective application . . . is whether it is 'executory' or involves 'the supervision of changing conduct or conditions . . . .'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988) (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932); *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421 (1856)). Such an order compels or prohibits certain future actions or requires a court's supervision of conduct between the parties. *Id.* The court thus rejected the argument that "*any* order that precludes relitigation of a claim has 'prospective application' for that reason alone." *Id.* at 1140.

## B. Discussion

No res judicata or collateral estoppel relationship exists between *Reid* and *Lagafuaina* to constitute a "prior judgment" under subsection (5). Additionally, the *Reid* court's holding as to title to the 300 acres of Malaeimi is not a decision having "prospective application." The decision does not involve a court order or injunction, in which the court either mandates conduct or supervises a party's conduct. Because neither of the elements necessary for relief are present in this case, and the "satisfied, released, or discharged" clause is inapplicable, plaintiffs are not entitled to Rule 60(b)(5) relief.

## V. RULE 60(b)(6)

### A. Statement of Law

Rule 60(b)(6) is the "catch-all" clause, which permits a court to reopen a judgment for "any other reason justifying relief." Subsection (6) gives courts "broad authority to relieve a party from a final judgment 'upon such terms as are just' . . . . [I]t provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice' . . . ." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), *modified on other grounds* 336 U.S. 942 (1949)).

However, this power is only to be exercised in "extraordinary circumstances." *Liljeberg*, 486 U.S. at 864 (quoting *Ackermann v. United States*, 340 U.S. 193, 199-200 (1950)); *see Davisdon v. Dixon*, 386 F. Supp. 482, 493 & n.2 (D. Del. 1974), *aff'd without opinion* 529 F.2d 511 (3d Cir. 1975) (relief confined to "extraordinary, exceptional cases"); *Nouata*, 1 A.S.R.2d at 34 ("extraordinary circumstances" include physical duress preventing a party from protecting his interests before a court). Thus, Rule 60(b) "should only be sparingly used." *Twelve John Does*, 841 F.2d at 1140 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

Obtaining relief under the "catch-all" provision is extremely difficult, because the party seeking relief bears a "heavy burden of showing" greatly changed circumstances and must demonstrate that "'extreme' and 'unexpected' hardship will result" without relief. *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977) (discussing Rule 60(b)(5)&(6)). As such, "the movant must allege and prove such

extraordinary circumstances as will be sufficient to overcome our overriding interest in the finality of judgments." *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982) (quoting *Mayberry v. Maroney*, 529 F.2d 332, 337 (3d Cir. 1976)). This is especially true in regards to land titles. "The need for certainty with respect to land titles warrants a great deference to the need for finality of judgments." *Ritter v. Smith*, 811 F.2d 1398, 1401-02 (11th Cir. 1987); *see also Collins v. City of Wichita, Kansas*, 254 F.2d 837, 839 (10th Cir. 1958). The rationale for infrequently granting relief under subsection (6) is as follows:

> Any reopening of a case, whether prior to or following entry of judgment, involves some delay, expense and prejudice to the other party. The Court must balance the need for prompt and efficient handling of litigation . . . against the attainment of a just resolution of a particular dispute before the court. . . . In addition, the court must consider whether the other party will be substantially prejudiced by a reopening, and, if so, whether the prejudice can be mitigated by an award of costs or other shaping of relief.

*Bell Telephone Laboratories v. Hughes Aircraft Co.*, 73 F.R.D. 16, 22 (D.C. Del. 1976).

Although the circumstances sufficient to successfully invoke Rule 60(b)(6) have not been specifically delineated, a number of cases provide some guidance. The United States Supreme Court roughly defined the outer boundaries of Rule 60(b)(6) in *Klapprott v. United States*, 335 U.S. 601 (1949) (relief granted) and *Ackermann v. United States*, 340 U.S. 193 (1950) (relief denied). *See Twelve John Does*, 841 F.2d at 1140 (contrasting *Klapprott* and *Ackermann*). Despite their superficial similarity as deportation challenges, "[t]he comparison strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence." *Ackermann*, 340 U.S. at 202.

Other important considerations include "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864 (upholding court of appeals' vacating of district court's judgment, on the

grounds of "appearance of impropriety" due to a judge's failure to disqualify himself, in violation of 28 U.S.C. § 455(a)).

In most jurisdictions, a change in applicable case law is not, in itself, enough to justify Rule 60(b)(6) relief. "Numerous courts have held that mere showing of a change in the law is not enough to demonstrate such an extraordinary situation when the judgment has become final." *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985); *see Professional Assets Mgmt., Inc. v. Penn Square Bank, N.A.*, 616 F. Supp. 1418, 1420 n.1 (W.D. Okla. 1985).

If relief is sought because a subsequent case was overruled or vacated, most courts require that the case in which relief is sought be virtually identical or otherwise closely related to it. One situation is when the case law changes after a ruling in another case, which was decided to resolve a conflict with the holding of the case at issue. For example, one factor in *Ritter* was two cases' close relationship. The state of Alabama was granted relief from an order to resentence defendant, whose death sentence was vacated when the same court of appeals had previously held Alabama's death-penalty statute to be unconstitutional. The Alabama Supreme Court, in another case, expressly rejected the court's reasoning; and the United States Supreme Court granted certiorari to resolve the conflict between the cases and held that the statute was constitutional. *Ritter*, 811 F.2d at 1402-03. Similarly, five years after the original judgment, the Supreme Court granted certiorari to resolve a conflict between two district court decisions and vacated judgment. *Tsakonites v. Transpacific Carriers Corp.*, 322 F. Supp. 722, 723 (S.D.N.Y. 1970).

An analogous situation exists when the two cases are related because they "arose out of the same transaction." *Ritter*, 811 F.2d at 1402-03. For example, relief was granted when a state court decision relied upon by a defendant was overturned by the state supreme court in an action by another plaintiff. The "extraordinary circumstances" were that (1) both suits arose from the same vehicular accident and (2) the suits' results differed because one set of plaintiffs had to sue in federal court (based on diverse citizenship) rather than in state court. *Pierce v. Cook & Co.*, 518 F.2d 720, 723 (10th Cir. 1975) (non-uniform results violated policy of *Erie Railroad v. Tompkins*, 304 U.S. 64, 74-75 (1938)), *cert. denied* 423 U.S. 1079 (1976). Similarly, the Supreme Court reversed a judgment after a court of appeals misinterpreted its decision setting forth a liability standard and another court of appeals upheld an award to the survivors of another employee killed in the same

accident. *Gondeck v. Pan American World Airways, Inc.*, 382 U.S. 25, 27-28 (1965).

Some federal courts of appeal do permit Rule 60(b)(6) relief based on a change of precedent on which a judgment is based. *Wilson*, 684 F.2d at 251 ("A decision of the Supreme Court of the United States or a Court of Appeals may provide the extraordinary circumstances"); *Ritter*, 811 F.2d at 1401 (relief allowed when "there has been a clear-cut change in the law"); *Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989) ("a change in relevant case law by the United States Supreme Court warrants relief") (citing *Pierce*, 518 F.2d at 722-24); *Professional Assets Mgmt.*, 616 F. Supp. at 1419-20 (citing *Pierce*); *see Overbee*, 765 F.2d at 580 (denying relief was an abuse of discretion because "unique facts" compelled relief; the "extraordinary circumstances" consisted of the state supreme court's reversing itself, within a year, on a question of substantive law and the fact that plaintiffs' motion for a new trial was pending at the time of the state court decision). However, this line of cases has been criticized. *Professional Assets Mgmt.*, 616 F. Supp. at 1420 n.1 (discussing authorities on both sides of the issue).

Even in jurisdictions following this more liberal doctrine, though, Rule 60(b)(6) relief remains at the court's discretion. "[R]elief under Rule 60(b) because of a change in precedent is directed to the trial court's discretion and consideration in equity." *Professional Assets Mgmt.*, 616 F. Supp. at 1419-20 (citing *Pierce*). Likewise, "a change in the law will not *always* provide the truly extraordinary circumstances necessary to reopen a case." *Ritter*, 811 F.2d at 1401 (emphasis in original); *see Adams*, 888 F.2d at 702 (affirming grant of Rule 60(b)(6) relief).

## B. Discussion

Even if plaintiff were correct that *Lagafuaina* constituted a change in precedent and that this is a sufficient basis on which to grant relief, the High Court is not obligated to do so. The granting of relief under T.C.R.C.P. Rule 60(b)(6) is solely at this court's discretion.

However, *Lagafuaina* can be distinguished from *Reid* as disagreeing on findings of fact and not conclusions of law. The *Lagafuaina* court was careful to emphasize that it agreed with the *Reid* court on the applicable law. Rather, the differences in the holdings

111

resulted from different conclusions drawn from the evidence presented in their respective cases.

Furthermore, *Lagafuaina* was only binding on the parties in that case. Although *Lagafuaina* held that the land was individually owned land, the Court went to great lengths to differentiate that case from *Reid* as differing in the findings of fact or issues raised, not in interpretation of law. *Lagafuaina* did not overrule *Reid* because the disagreement between the two cases "is not about general propositions of law but about the application of those principles to a particular fact situation." *Lagafuaina*, 11 A.S.R.2d at 77-78 (noting that the appellate court in *Reid* also treated the trial court's interpretation of the 1931 *Nouata* decision as a question of fact and not of law). Similarly, *Reid* did not have res judicata or collateral estoppel effect on the parties in *Lagafuaina* because the parties were different and the subject matter (the land) was not "exactly the same." *Lagafuaina*, 11 A.S.R.2d at 76, 78.

Because the appellate court in *Reid* used the "clearly erroneous" standard of review, it is possible to have different results regarding factual questions in cases with different parties. *Lagafuaina*, 11 A.S.R.2d at 78-79. In fact, the appellate court in *Reid* held that its decision was not binding on those who were not parties in that case or regarding land not claimed by the LDS Church. *Id.* at 78 (citing *Reid*, 1 A.S.R.2d at 89).

Thus, *Lagafuaina* did not overrule *Reid*, as their contradictory holdings stem from different findings of fact. Furthermore, the granting of relief under subsection (6) must be founded on extraordinary circumstances and is at the sound discretion of the court. This court hereby exercises this discretion in denying relief from a final judgment under Rule 60(b)(6).

## VI. CONCLUSION

The litigation pertaining to the *Reid* case has gone on for quite some time--some would say far too long. *See Reid v. Puailoa*, LT Nos. 7-79 & 41-79 (Land & Titles Div. 1982), *aff'd in part and rev'd in part*, 1 A.S.R.2d 85, 87 (App. Div. 1983), *aff'd sub nom. Corporation of the Presiding Bishop v. Hodel*, 637 F. Supp. 1398 (D.D.C. 1986), *aff'd* 830 F.2d 374 (1987), *cert. denied* 486 U.S. 1015 (1988). When all the other cases which have at least made statements as to the ownership of Malaeimi are counted, the litigation has been volumous indeed. *See generally Lagafuaina*, 11 A.S.R.2d at 55-67. All lawsuits, though, must

eventually come to an end. It may be argued that *Reid* itself significantly lengthened this trail of litigation. However, this does not mean that this court should utilize the extraordinary remedy provided by Rule 60(b) to further prolong this litigation. First, subsections (4) and (5) are clearly inapplicable to this case. Second, this court has concluded that the circumstances of this case do not warrant the granting of relief under subsection (6). Therefore, petitioner's Rule 60(b) motion for relief from a final judgment is denied.

It is so ordered.