2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel Robert CLEMONS, Plaintiff-Appellant,
v.
Jim RIGHTSELL, Colleen Rightsell, Cody Cullimore, Jim
Taylor, Provo D.A., and Donald E. Elkins,
Defendants-Appellees.
 No. 93-4058.
 United States Court of Appeals, Tenth Circuit.
 Aug. 11, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Daniel R. Clemons filed an action pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the District of Utah alleging various violations of his civil rights. The district court dismissed Appellant's complaint as to all but one defendant and allowed Appellant to amend his complaint as to that defendant. The court subsequently dismissed Appellant's amended complaint as well. Appellant herein appeals these dismissals.
 
 
 3
 The facts leading up to the alleged civil rights violations are as follows. Appellant alleges that he was in the process of purchasing a tractor and trailer from Jim and Colleen Rightsell when a dispute arose between the parties. The Rightsells charged him with stealing the tractor and trailer. Cody Cullimore, police officer for the city of Pleasant Grove, Utah, signed an affidavit for probable cause and motion for warrant of arrest of Appellant. Appellant was arrested and held in jail in California and Utah for a total of thirty-two days. The charges against him were ultimately dropped.
 
 
 4
 Appellant filed a pro se complaint in district court on August 24, 1992 under 42 U.S.C. Sec. 1983 against Jim and Colleen Rightsell, County Attorney James Taylor, public defender Donald E. Elkins, and Officer Cody Cullimore. The district court accepted the recommendations of the magistrate judge assigned to the case, and on October 23, 1992 dismissed the complaint as to all defendants but Officer Cullimore and allowed Appellant to amend his complaint as to Officer Cullimore to allege facts that show an arguable claim for malicious prosecution or lack of probable cause to arrest and hold Appellant. Appellant amended his complaint and appealed the October 23 order (the first appeal). On Appellant's first appeal we ordered Appellant to obtain either Rule 54(b) certification or a final judgment within thirty days. Meanwhile, Officer Cullimore moved to dismiss, and on March 2, 1993 the district court granted the motion and entered a final judgment on March 4, 1993. Appellant appealed the March 4 order (the second appeal) and incorporated his first appeal on March 11, 1993, the same day that we dismissed the first appeal for failure to obtain a Rule 54(b) certification or a final judgment within the thirty-day limit.
 
 
 5
 We have before us Appellant's appeal from the March 4 order dismissing the amended complaint against Officer Cullimore, which attempts to incorporate Appellant's first appeal from the October 23 order dismissing his complaint as to all the other defendants. Because Appellant's second appeal, incorporating his first appeal, was entered after he had obtained a final judgment from the district court and before we acted to rule on his first appeal, we will consider the issues raised in both the first and second appeal. See Adams v. Merrill Lynch Pierce Fenner & Smith, 888 F.2d 696, 699 (10th Cir.) ("When a district court has adjudicated all remaining outstanding claims before the appellate court acts to dismiss the appeal, we will consider the appeal on its merits rather than dismiss for lack of jurisdiction," citing Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.)).
 
 
 6
 Many issues raised in the first appeal were not raised at the district court level. While pro se litigants "must follow the same rules of procedure that govern other litigants," Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.), we hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, quoting Haines v. Kerner, 404 U.S. 519, 520. We shall discuss the claims as to each defendant separately.
 
 
 7
 Appellant charged defendants Jim and Colleen Rightsell with falsely accusing him of stealing the tractor and trailer which he was in the process of purchasing from them. However, in his complaint Appellant acknowledges that they were not acting under color of state law when the incident occurred. For this reason, the district court dismissed the complaint as to Jim and Colleen Rightsell. On appeal, Appellant alleges that the Rightsells were acting under color of state law because they were willful participants in a joint activity with state officials in bringing about his arrest on a "groundless charge of theft." Notwithstanding the fact that Appellant did not argue this at district court, we find that the Rightsells were not participating in a joint activity with state officials when they charged him with stealing a tractor and trailer.
 
 
 8
 In his complaint Appellant further charged County Attorney Jim Taylor, the attorney assigned to prosecute Appellant, with maliciously keeping the case open on trivial and inaccurate evidence. The district court correctly held that a prosecutor has absolute immunity for actions taken within the scope of his prosecutorial duties, Imbler v. Pachtman, 424 U.S. 409, 427, Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1453 n. 6 (10th Cir.), and that Mr. Taylor's actions in keeping the case open until April 22, 1992 fell within the scope of his duties as a prosecutor. Appellant alleges on appeal that although Mr. Taylor is immunized in his prosecutorial functions, his obligation to look into exculpatory evidence is not a prosecutorial function and thus he should not be immune for his failure to seek out the exculpatory evidence. We see no way to construe the duty to look into potential exculpatory evidence as other than a prosecutorial function. Appellant charges Mr. Taylor for actions he took in his official capacity, and Mr. Taylor is therefore immune from suit.
 
 
 9
 Appellant next charged Donald Elkins, his court-appointed public defender, with negligence based on his suggestion that he accept a plea bargain and his failure to subpoena exculpatory evidence. Appellant stated that Mr. Elkins acted under state law because he was assigned by the state of Utah as Appellant's public defender. The district court stated that defense attorneys who are appointed to represent indigent defendants in criminal cases do not act under color of state law, citing Polk County v. Dodson, 454 U.S. 312, 325, and dismissed the complaint as to Mr. Elkins. Appellant argues for the first time on appeal that a public defender acts under color of state law when he is engaged in a conspiracy with state officials to deprive a person of his federal rights. Mr. Elkins, Appellant alleges, worked with County Attorney Taylor in attempting to get Appellant to plea bargain despite his innocence, and thus he acted under color of state law and is not immune from suit. Even construing Appellant's complaint broadly, we do not read it to allege this issue. However, even if we were to consider it on appeal, Appellant has adduced no facts to support his contention of a conspiracy between his attorney and the prosecutor. We must reject this argument as well.
 
 
 10
 We next address the issues raised on Appellant's second appeal. On June 24, 1991, Officer Cullimore prepared and executed an affidavit of probable cause and a motion for a warrant of arrest. Appellant alleged in his amended complaint that several weeks later, on July 31, 1991, Officer Cullimore was informed that Appellant was purchasing the tractor and trailer and that at the time of his arrest, Appellant was the owner. Appellant alleges that beginning July 31, 1991, his incarceration lacked probable cause and that Officer Cullimore's actions, omissions, and conduct caused him injury. The district court stated that:
 
 
 11
 "[T]here is no evidence that Officer Cullimore was in possession of any information at the time the warrant was obtained or at the time of arrest which would have cast doubt on Officer Cullimore's perception of the circumstances as set forth in his affidavit of probable cause."
 
 
 12
 Record on appeal, Doc. 23 at 3. We agree. Absent evidence that no reasonable officer in Officer Cullimore's position would have believed that probable cause to arrest and hold Appellant did not exist at the time of his arrest, Appellant cannot prevail under 42 U.S.C. Sec. 1983. Anderson v. Creighton, 483 U.S. 635. As noted by the district court, Appellant has not alleged a claim of malicious prosecution against Officer Cullimore. We therefore find that Appellant has not raised a cognizable claim against Officer Cullimore under Sec. 1983.
 
 
 13
 Accordingly, the order of the District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3